J-S15012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES FRANKLIN HOLMES | : | |
| | : | |
| Appellant | : | No. 340 EDA 2022 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002480-2016

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 27, 2022**

Appellant James Franklin Holmes appeals *pro se* from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant raises numerous claims of trial court error and allegations of ineffective assistance of counsel. We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> On May 7, 2019, [Appellant] was convicted by a jury of 477 counts of possession of child pornography[2] following a sex-trafficking investigation. On June 12, 2020, [Appellant] was sentenced to 20 to 40 years of incarceration. The judgment of sentence was affirmed on appeal by the Superior Court on February 21, 2021. ***Commonwealth v. Holmes***, [1397 EDA 2020, 2021 WL 652368

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6312(d).

(Pa. Super. filed Feb. 19, 2021) (unpublished mem.)].  No petition for allowance of appeal was filed with the Supreme Court.

On August 2, 2021, [Appellant] filed a *pro se* PCRA petition.  On August 3, 2021, C. Curtis Norcini, Esquire was appointed as [Appellant's] counsel.  Counsel [filed a ***Turner***/***Finley***[3] no-merit letter and] sought permission to withdraw from the matter concerning [Appellant's] *pro se* PCRA petition.  Appointed counsel provided a copy of his no-merit letter to the court thoroughly detailing steps he had taken to review the matter, with an itemized list of issues [Appellant] sought to [have] reviewed, conclusions of law explaining the finding of "no merit," and demonstrating a laudable understanding of the underlying matter.  Having found the first three requirements of [***Turner***/***Finley***] met, the court conducted its own independent review of the record.  We agreed with counsel's conclusion the petition was meritless.  Accordingly, the court granted counsel's motion to withdraw.

On October 26, 2021, following a review of [counsel's ***Turner***/]***Finley*** letter, as well as the aforementioned independent review, the court stated the reasons for the proposed dismissal of [Appellant's] PCRA petition.  The court also gave [Appellant] the mandatory twenty-day notice of its intent to dismiss the PCRA [petition].  [Appellant] filed a response to the notice, which was filed of record on November 8, 2021.  After a review of the response, the court, by order dated November 16, 2021, dismissed [Appellant's PCRA] petition and advised [Appellant] that he had thirty (30) days in which to file an appeal.

PCRA Ct. Op., 1/28/22, at 1-2.

On November 30, 2021, Appellant filed a *pro se* motion for reconsideration, which the PCRA court denied.  Thereafter, Appellant filed an appeal that was docketed on December 29, 2021.

Before we proceed with our disposition, we must first determine whether Appellant's appeal was timely.  We note that the timeliness of an appeal is a

---

[3] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

jurisdictional question which this Court may raise *sua sponte*. ***Commonwealth v. Trinidad***, 96 A.3d 1031, 1034 (Pa. Super. 2014). "Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal." ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*).

It is well settled that a notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Here, the PCRA court denied Appellant's PCRA petition on November 16, 2021, and Appellant had until December 16, 2021, to file a timely appeal. The appeal period may only be tolled if the PCRA court enters an order "expressly granting reconsideration" within the thirty-day period. ***See*** Pa.R.A.P. 1701(b)(3). However, the filing of a motion for reconsideration alone, in the absence of an order from the PCRA court expressly granting reconsideration, does not toll the appeal period. ***Commonwealth v. Moir***, 766 A.2d 1253, 1254 (Pa. Super. 2000).

Here, although Appellant filed a motion for reconsideration, the PCRA court denied the motion. ***See*** Order, 12/17/21. Therefore, the appeal period was not tolled, and Appellant's appeal was due on or before December 16, 2021. As stated, Appellant's appeal was docketed on December 29, 2021, and it is, therefore, facially untimely. ***See*** Pa.R.A.P. 903(a).

On March 22, 2022, this Court filed a rule to show cause why this appeal should not be quashed as untimely. Appellant filed a response and claimed

that he initially deposited his appeal in the prison mail on December 15, 2021.[4]
However, Appellant asserted that he was required to correct an administrative
issue concerning the number of copies of cash slips which caused him to
deposit his appeal in the prison mailbox a second time on December 17, 2021.
Response to Rule, 4/1/22, at 3 (unpaginated).

The record reveals that Appellant attached two copies of a prison cash
slip to his notice of appeal. Notice of Appeal, 12/29/21 (unnumbered
attachment 1 and 2).[5] The cash slips requested checks for $90.25 and $71.00
to pay for mailing his notice of appeal. *Id.* Subsequently, two checks from
the State Correctional Institution inmate account, which were made payable
to "the Prothonotary of the Court," and the checks, one in the amount of
$90.25 and one for $71.00, were dated December 22, 2021. *Id.* (at
unnumbered attachment 4 and 5). As noted above, Appellant's notice of
appeal was docketed on December 29, 2021.

Both the PCRA court and the Commonwealth assert that Appellant has
not satisfied the requirements of the prisoner mailbox rule and contend that
this appeal should be quashed. *See* PCRA Ct. Op., 1/28/22, at 2-4;
Commonwealth's Brief at 7. We disagree.

_____

[4] In his response, Appellant references the prisoner mailbox rule. Response
to Rule, 4/1/22, at 1 (unpaginated). The prisoner mailbox rule provides that
a prisoner's a *pro se* filing is deemed filed on the date he delivers it to prison
authorities for mailing. **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132,
n.8 (Pa. Super. 2021) (citation omitted); *see also* Pa.R.A.P. 121.

[5] It appears that Appellant filed two copies of the same cash slip, and the cash
slip bore two amounts for payment of his appeal filing.

Although Appellant's notice of appeal was not docketed until December 29, 2021, the prison cash slips attached to Appellant's notice of appeal are dated December 14, 2021. As noted, under the prisoner mailbox rule, a prisoner's *pro se* filing is deemed filed on the date he delivers it to prison authorities for mailing. **Kennedy**, 266 A.3d at 1132. A properly executed cash slip may be considered sufficient evidence to establish mailing under the mailbox rule. **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa.1997); **see also** Pa.R.A.P. 121(f). Additionally, Appellant's notice of appeal includes an undated and unsigned form, apparently from prison authorities, indicating that Appellant was directed to file "2 cash slips for each amount." **See** Notice of Appeal, 12/29/21 (unnumbered attachment 3).

The Department of Corrections (DOC) policy DC-ADM 803 concerning inmate mail provides that, unless otherwise provided in the policy, an inmate must file an approved cash slip for mailing items through certified mail. The record reflects that Appellant's December 14, 2021 cash slips requested the appeal to be filed via certified mail. **See** Notice of Appeal, 12/29/21 (unnumbered attachment 1 and 2). Upon review, it appears that Appellant submitted two cash slips, each requesting two separate amounts, and that the administrative DOC form concerning the number of required copies for inmate certified mail directed Appellant to file two separate copies for each separate amount requested. **See id.** (at unnumbered attachment 3). Although each DOC facility is permitted to establish its own procedures in cooperation with the local Postmaster for the processing of certified and registered mail, **see**

DC-ADM 803(K)(1), it is clear on this record that Appellant filed cash slips for mailing his appeal prior to the expiration of the appeal period, and that Appellant "presented the documents for mailing" before the expiration of the appeal period.

Although it appears that Appellant did not properly comply with DOC policy concerning the number of copies of cash slips, under the circumstances presented here, we decline to find that the policy requires overriding Appellant's rule-based right to appeal and state constitutional right to appeal.[6] **See** Pa.R.Crim.P. 910; **see also** Pa. Const. Art. 5, § 9. The record supports the conclusion that Appellant submitted cash slips on December 14, 2021, requesting postage for his appeal prior to the expiration of the appeal period on December 16, 2021.[7]

On this record, we decline to conclude that the DOC policy concerning the required number of cash slip copies for inmate certified mail mandates

---

[6] Regarding rights under the DOC policy, DC-ADM 803 provides: "This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections." DC-ADM 803 VI (Rights Under this Policy).

[7] We point out that there is no indication Appellant provided incorrect postage or lacked sufficient funds to accomplish filing his appeal by certified mail. **Cf. Shea v. Unemployment Compensation Board of Review**, 898 A.2d 31 (Pa. Cmwlth. 2006) (holding that the date on which an appeal is mailed but later returned due to incorrect postage cannot be the filing date because "but for affixing the correct postage, the envelope containing the appeal would never be received ... and filed").

that this Court terminate Appellant's right to appeal. Under the circumstances presented here, we deem Appellant's appeal timely pursuant to the prisoner mailbox rule and will address the merits of Appellant's claims of error.

On appeal, Appellant raises the following issues:

1. Did the PCRA court err[] in finding "no merit" to Appellant's claim #1 that the search warrant affidavit lacked sufficient probable cause due to only establishing a remote connection to the crimes alleged on the warrant?

2. Did the PCRA court err[] in finding "no merit" to Appellant's claim #2 that the affidavit lacked specificity and was overly broad?

3. Did the PCRA court err[] in finding "no merit" to Appellant's claim #3 that the search warrant was anticipatory and executed prematurely?

4. Did the PCRA court err[] in finding "no merit" to Appellant's claim #4 that the search warrant contained errors, omissions, and falsities sufficient enough to violate due process?

5. Did the PCRA court err[] in finding "no merit" to Appellant's claim #6 that the state withheld significant exculpatory evidence that was favorable to the defense?

6. Did the PCRA court err[] in finding "no merit" to Appellant's claim #7 that judicial and structural errors, both procedural and constitutional, occurred denying [A]ppellant due process of law?

7. Did the PCRA court err[]] in finding "no merit" to Appellant's claim #8 that the weight of evidence did not support the verdict of not guilty beyond a reasonable doubt?

8. Did the PCRA court err[] in finding "no merit" [to] Appellant's claim #5 of ineffective assi[s]tance of counsel[] during pre-trial, trial, and/or post-trial phases?

9. Was PCRA counsel's assistance ineffective in properly pursuing Appellant's PCRA claims by failing to depose witnesses provided by Appellant, spending sufficient time to examine court records and relevant document[s], conferring with previously assigned

counsel, and conferring with Appellant to obtain clarity of positions and facts known to Appellant in order to amend and resubmit Appellant's filing?

Appellant's Brief at 5-6 (some formatting altered).[8]

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." *Commonwealth v. Mitchell*, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted). This Court "may affirm a decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's actions, even if we rely on a different basis." *Commonwealth v. Moser*, 999 A.2d 602, 606 n.5 (Pa. Super. 2010) (citation omitted).

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." *Mitchell*, 105 A.3d at 1265-66 (citation omitted); *see also* 42 Pa.C.S. § 9543(a)(3) (stating that in order to eligible for relief, the petitioner must plead and prove "the allegation of error has not been previously litigated or

---

[8] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

waived"). A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial . . . [or] on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." ***Commonwealth v. Price***, 876 A.2d 988, 995 (Pa. Super. 2005) (citation omitted); ***see also Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (stating that "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)" (citation omitted)).

Additionally, we point out that counsel is presumed to be effective. ***Commonwealth v. Hopkins***, 231 A.3d 855, 871 (Pa. Super. 2020), *appeal denied*, 242 A.3d 908 (Pa. 2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019), *appeal denied*, 216 A.3d 1029 (Pa. 2019) (some formatting altered). The

- 9 -

failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Id.* at 1044.

**Appellant's Issues 1-4**

In his first four issues, Appellant contends that the PCRA court erred in denying PCRA relief concerning challenges to the Commonwealth's application for a search warrant during the criminal investigation underlying Appellant's arrest and convictions. Appellant's Brief at 14-24. Appellant claims that search warrant affidavit lacked sufficient probable cause, was overly broad, was anticipatory and executed prematurely, and it contained errors and omissions which violated Appellant's rights. *See id.*

The Commonwealth responds that Appellant is not eligible for relief on these claims of error. Commonwealth's Brief at 8. The Commonwealth asserts that Appellant's first four issues were either previously litigated or waived. *Id.* at 8-12. After careful review, we agree.

On direct appeal, this Court addressed Appellant's claim that the search warrant was overbroad and lacked probable cause. *See Holmes*, 2021 WL 652368 at *4. Moreover, because Appellant's challenges concerning the allegedly anticipatory nature of the warrant and violation of due process could have been raised on direct appeal but were not, these claims are waived. *See Reyes-Rodriguez*, 111 A.3d at 780; 42 Pa.C.S. § 9544(b). For these

reasons, we conclude that Appellant is ineligible for relief on his challenges to the search warrant in his first four issues.[9]

### *Brady* Claim

In his fifth issue, Appellant alleges that the PCRA court erred in finding that there was no merit to Appellant's claim that the Commonwealth withheld exculpatory evidence at trial. Appellant's Brief at 25. In ***Brady v. Maryland***, 373 U.S. 83 (1963), the Supreme Court of the United States held that the prosecution has a duty to disclose exculpatory evidence in the prosecutor's possession to the defendants. However, similar to Appellant's first four issues, we conclude that this issue is waived because Appellant could have raised it on direct appeal but did not. ***See*** 42 Pa.C.S. § 9544(b).

### Evidence of Appellant's Prior Conviction

In his sixth issue, Appellant alleges that the PCRA court erred when it found no merit to Appellant's claim that the trial court abused its discretion when it permitted the Commonwealth to introduce evidence of Appellant's prior conviction over counsel's objection. Appellant's Brief at 29. Again, we conclude that this issue is waived because Appellant could have raised it on direct appeal but failed to do so. ***See*** 42 Pa.C.S. § 9544(b).

---

[9] We note that, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. ***Commonwealth v. Adams***, 882 A.2d 496, 497-98 (Pa. Super. 2005) (citation omitted). Rather, "any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." ***Id.*** at 498.

## Weight of Evidence Claim

Appellant next presents a challenge to the weight of the evidence at his trial. Appellant's Brief at 31. In disposing of Appellant's direct appeal, this Court addressed this issue and concluded that Appellant was entitled to no relief on his challenge to the weight of the evidence. **See Holmes**, 2021 WL 652368 at *6. Accordingly, this issue was previously litigated, and Appellant is ineligible for relief on this claim. **See Reyes-Rodriguez**, 111 A.3d at 780; 42 Pa.C.S. § 9543(a)(3).

## Claims of Ineffectiveness of Counsel

In his eighth issue, Appellant contends that the PCRA court erred when it found no merit to Appellant's claims that all prior counsel were ineffective. Appellant's Brief at 34. In his brief, Appellant makes broad and sweeping assertions that the attorneys who represented him before trial, during trial, and after trial were all ineffective because they spent an insufficient amount of time with him, failed to pursue pre-trial motions, engaged in plea negotiations, and failed to challenge evidence linking Appellant to the criminal acts. **See id.** at 35-44. Appellant also claims that counsel was ineffective in challenging the search warrant, argues entrapment, asserts that the evidence was insufficient, and claims trial counsel was not prepared for trial. **See id.** at 45-51.

Upon review, despite his numerous claims of ineffectiveness, we conclude that Appellant merely asserts bald unsupported accusations of

ineffectiveness and has not adequately developed his arguments. He fails to explain or support how any of these claims satisfy the three-pronged test to establish ineffective assistance of counsel: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Sandusky*, 203 A.3d at 1043. Accordingly, Appellant's claims of ineffectiveness fail, and he is entitled to no relief. *Id.* at 1044.

### Ineffectiveness of PCRA Counsel

In his final issue on appeal, Appellant alleges that PCRA counsel was ineffective. Appellant's Brief at 51. As noted, PCRA counsel was permitted to withdraw after filing a no-merit letter pursuant to *Turner/Finley*. Appellant claims that PCRA counsel failed to investigate police and prosecution records, and Appellant argues the boilerplate assertion that if PCRA counsel had scrutinized documents and transcripts, he would have uncovered meritorious issues. *Id.* at 52-53.

Here, again, Appellant has failed to establish how any of his accusations satisfy the necessary elements to prove ineffective assistance of counsel. *See Sandusky*, 203 A.3d at 1043. Accordingly, no relief is due. *Id.* at 1044.

### Conclusion

For these reasons, we discern no merit nor support for Appellant's claims on appeal and conclude that there was no abuse of discretion in the PCRA

court's order denying Appellant's PCRA petition and further, its conclusions are supported by the record. Accordingly, we affirm.

Order affirmed.[10]

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2022

---

[10] During the pendency of this appeal, Appellant has filed four meritless *pro se* applications for relief. On April 21, 2022, Appellant filed an application for correction of the original record in which he seeks to include information concerning his criminal convictions in a separate matter from Lycoming County. However, Appellant fails to provide any factual basis or legal authority supporting this motion. On April 25, 2022, Appellant filed an application to postpone review pending decisions in his outstanding motions. Then, on May 18, 2022, Appellant filed a motion to "expand the court record" and again requests this Court to add the record from his Lycoming County convictions and to supplement the trial court record with the Lycoming County case. Appellant provides no relevant authority for his request. On June 8, 2022, Appellant filed a motion renewing all previously filed motions. Appellant's motions are unsupported by relevant legal authority and provide no basis for relief. Accordingly, Appellant's motions are DENIED.